IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DULCINEA LARA, an behalf of herself
and all others similarly situated,

        Plaintiff,

    v.                                                        No. 2:14-CV-00401-PJK-CG

NEW MEXICO STATE UNIVERSITY, and
REGENTS OF NEW MEXICO STATE
UNIVERSITY,

        Defendants.

## ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, APPROVING NOTICE TO CLASS MEMBERS AND SETTING DATE FOR FAIRNESS HEARING

The Parties to the Settlement Agreement, entered into by and through their respective counsel in the above-captioned action, have moved this Court for an Order granting preliminary approval of the class settlement of this action upon the terms and conditions set forth in the parties' Settlement Agreement.  The Court, having held a hearing on December 7, 2015, and having read and considered the Settlement Agreement as revised and the accompanying documents submitted by the parties, finds and orders as follows:

    1.    The Settlement Agreement is hereby incorporated by reference in this Order, and in addition to the terms defined in this Order, all terms defined in the Settlement Agreement will have the same meanings in this Order.  The Parties include Plaintiff Dulcinea Lara, individually and as a representative of the Settlement Class, and Defendant Regents of New Mexico State University, as defined in the Settlement Agreement.

2. For purposes of determining whether the terms of the Settlement Agreement should be preliminarily approved, the following Settlement Class is conditionally certified, for purposes of the class settlement only:

> All regular nine (9) month faculty members who are or were employed by NMSU who had a FMLA qualifying parental leave event at any time from April 29, 2011 and the date of this Preliminary Approval Order and who had been employed by NMSU for at least one year at the time of the qualifying event and otherwise met the FMLA eligibility requirements.

3. The Court expressly reserves the right to determine, should the occasion arise, whether the settlement class may be certified as a class action for purposes other than settlement, and Defendant retains all rights to assert that the action may not be certified as a class action except for purposes of settlement only.

4. The Court finds that 1) the Settlement Agreement arose from extensive arms-length negotiations; 2) the Settlement Agreement was concluded after counsel for the parties had conducted adequate discovery and investigation; 3) the Settlement Agreement terms are sufficiently fair, reasonable, adequate and in the best interests of the Settlement Class so as to warrant sending Notice and Claim Forms to the Settlement Class preliminarily certified for settlement purposes in accordance with Section IV(C) of the Settlement Agreement, and thereafter holding a hearing regarding final approval of the Settlement Agreement, certification of a Settlement Class for settlement purposes, whether the notice procedures comply with the Federal Rules of Civil Procedure and due process, and whether Class Counsel's request for attorneys' fees should be approved (hereinafter the "Final Approval Hearing"). Accordingly, the Court grants preliminary approval of the Settlement Agreement and finds that it is sufficiently fair and reasonable to warrant sending notice to persons who may be members of the Settlement

Class preliminarily certified for settlement purposes in accordance with the Class Notice procedures set forth in the Settlement Agreement.

5. Solely for the purposes of the Settlement Agreement, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) have been satisfied in that: 1) the Class Members are sufficiently numerous that joinder of all Class Members is impracticable; 2) there are questions of law and fact common to the Settlement Class; 3) the claims of the Plaintiff are typical of the claims of the Class Members; 4) the Plaintiff will fairly and adequately represent the interests of the Settlement Class; 5) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; 6) certifying the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy; and 7) Defendant has allegedly acted or failed to act on grounds that apply generally to the Class, such that injunctive or declaratory relief is appropriate with respect to the Class as a whole.

6. Plaintiff is preliminarily found qualified to act as representative of the Settlement Class and preliminarily appointed as Settlement Class Representative; and Plaintiff's counsel, Moody & Warner P.C., are preliminarily appointed as Class Counsel for the Settlement Class, based on the Court's determination that the requirements of Fed. Civ. P. 23(g) are satisfied by this appointment.

7. If final approval of the Settlement Agreement is not obtained or the events set forth in the Settlement Agreement are not satisfied, this preliminary certification order, including the above description of the Settlement Class, shall be vacated *ab initio.* Preliminary certification of the Settlement Class, appointment of Class Counsel and of the Class Representative, and all actions associated therewith, are binding only with respect to the

Settlement Agreement and are undertaken on the condition that the certification and designations may be vacated if the Settlement Agreement is terminated or is disapproved in whole or in material part by the Court.  In such an event, Defendant retains the right to object to the maintenance of this action on any grounds, the action shall proceed as if the Settlement Agreement had never been entered and the Settlement Class had never been certified, without prejudice to the Court's consideration of the merits of any arguments for or against a properly submitted motion for class certification.

8. The Settlement Agreement and its preliminary approval are not to be deemed an admission of liability of fault by Defendant, or a finding of the validity of any claims asserted in this action, or of any wrongdoing or of any violation of law by Defendant, or an admission by Defendant as to the certifiability of a litigation class in this action or any other.  Neither the preliminary certification of this Settlement Class, nor the Settlement Agreement, nor the fact that it was entered into, nor any of its terms, provisions or exhibits, nor any of the negotiations or proceedings connected with it, nor any findings or arguments made to the Court in support of preliminary approval of the Settlement Agreement may be offered, received or construed, in any pending or future civil, criminal or administrative action as: 1) admission of or evidence of liability or fault by Defendant or a finding of the validity of any claims asserted in this action or of any wrongdoing or of any violation of law, or; 2) an admission of or evidence of the appropriateness of certification of a litigation class; or 3) as evidence for any purpose in this or any other proceeding, except that such materials may be offered or received in proceedings to enforce the Settlement Agreement.

9. Settlement Services, Inc., managed by attorney Thomas A. Warren, is appointed as third-party claims administrator ("Claims Administrator").

10. Within 10 days of the entry of this Order Defendant shall wire the Settlement Funds to the Depository Bank, as directed by the Claims Administrator, pursuant to Section VI(C)(1).

11. No later than December 28, 2015, Defendant shall provide a list of known Settlement Class Members and Potential Settlement Class Members to the Claims Administrator as set forth in Section IV(C)(2).

12. The Claims Administrator and the Parties shall cause the Notice of Class Action, Proposed Settlement Agreement and Settlement Hearing, substantially in the form and substance shown in Exhibit 1 attached to the Settlement Agreement, to be distributed in accordance with the procedures set forth in Section IV(C) of the Settlement Agreement no later than January 11, 2016. As set forth in the Settlement Agreement, Defendant shall pay costs of up to $25,000.00 to the Settlement Administrator, and shall provide contact information for Class Members and potential class members to the Settlement Administrator.

13. The Court has reviewed the Notice of Class Action, Proposed Settlement Agreement and Settlement Hearing ("Notice") which it approves in form and substance. The Court finds that the form and method of notice set forth in the Settlement Agreement (the "Notice Procedures") are: 1) reasonable and the best practicable notice under the circumstances; 2) reasonably calculated to apprise Settlement Class members of the pendency of the lawsuit, of their rights to object or opt-out of the Settlement Agreement, and of the Final Approval Hearing; 3) constitute due, adequate and sufficient notice to all persons entitled to receive notice; and 4) meet the requirements of the Federal Rules of Civil Procedure and the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or laws. In addition, the Court finds that the claim submission procedures and Claim Form,

attached as Exhibit 2 to the Settlement Agreement, are fair, reasonable and adequate. Those procedures allow sufficient time and are simple and straightforward so that any Class Member who chooses to submit a Claim Form has ample opportunity to do so. The Claim Form and claim submission procedures assist the Class Members in making an informed decision as to whether to submit a Claim Form. This finding, which is made for purposes of approving the Notice Procedures, does not prejudice the rights of any Settlement Class member to object to the Notice Procedures at the Settlement Fairness Approval Hearing.

14. Claim forms shall be due on or before March 15, 2016.

15. The Final Approval Hearing shall be held at the United States Courthouse, 333 Lomas Blvd. NW in Albuquerque, New Mexico, at **10:00 a.m., on May 26, 2016**, or such alternate date as the Court may set no earlier than 45 day after the opt-out/objection period closes, in accordance with the Court's schedule. At that hearing, the Court shall consider and/or determine, among other matters: 1) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; 2) whether to finally certify a Settlement Class for settlement purposes only; 3) whether the Notice Procedures comply with the Federal Rules of Civil Procedure and due process; 4) the amount of attorneys' fees awarded to Class Counsel; 5) whether Settlement Class members should be bound by the Releases set forth in the Settlement Agreement; and 6) whether a Final Judgment approving the Settlement and dismissing all claims asserted in this action on the merits, with prejudice, should be entered.

16. Any potential Settlement Class member who wishes to exclude him or herself from the Settlement Class must submit to Class Counsel and Defendant's counsel a written request to opt out, which must be received no later than February 25, 2016. As provided in Section IV(C)(6) of the Settlement Agreement, requests to opt out must be signed an include the

Settlement Class member's name, address, and expressly state the desire to be excluded as described in the Notice.  Any rescissions of any opt-out notice must be in writing and must be received by the Claims Administrator, Class Counsel or Defendant's Counsel no later than March 15, 2016.

17. The legal claims of Settlement Class Members who timely opt out of the settlement shall be tolled from April 29, 2014 through the date of Final Approval, pursuant to Section IV(C)(6) of the Settlement Agreement.

18. Counsel shall promptly log each request for exclusion that is received and provide copies of the log and all such requests to opt out to counsel for the Parties or the Claims Administrator as requested.  Any Settlement Class member who does not timely and validly request to be excluded from the Settlement Class before the deadline waives the right to do so in the future.  The list of Class Members who request exclusion from the Settlement shall be provided to the Court by Class Counsel 15 days before the Final Approval Hearing.

19. Any Settlement Class member who does not submit a timely, written request to opt out will be bound by all proceedings, orders and judgments in this action, including the terms of the Settlement Agreement, if approved.  All members of the Settlement Class who do not timely request exclusion in the manner set forth in the Class Notice and the Settlement Agreement shall be bound by any Final Judgment entered pursuant to the Settlement Agreement, and shall be barred and enjoined, now and in the future, from asserting any of the released claims, as defined in the Settlement Agreement, against Defendant.  Upon entry of a Final Judgment approving the Settlement Agreement, all members of the Settlement Class shall be conclusively deemed to have fully and finally released Defendant from any and all released claims.

20.	Settlement Class members who do not file a timely request for exclusion may submit an objection to contest the Settlement Agreement.  Any such objection must be received by Class Counsel no later than February 25, 2016.  Class Counsel will file all such objections with the Court no later than March 15, 2016.

21.	Any objection must be in writing, must be served on Class Counsel, and must contain a detailed description of the basis of the objection.  No Class Member may appear at the Final Approval Hearing for the purpose of objecting to the Settlement Agreement without having first served a written objection in conformance with this Order.   Any Settlement Class Member who fails to object will be deemed to have waived the right to object and shall be barred from raising objections to the Settlement Agreement or Final Judgment in this or any other proceeding, including in an appeal.

22.	The Parties' Motion for Final Approval of Class Action Settlement, as set forth in the Settlement Agreement shall be filed on or before May 10, 2016.

23.	Upon entry of this Order, all proceedings in the Lawsuit shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Settlement Agreement or to comply with or effectuate the terms of the Settlement Agreement or Fed. R. Civ. P. 23.

24.	Pending final determination of whether the Settlement should be approved, Plaintiff and all Settlement Class Members are preliminarily enjoined from bringing any new action, including a new alleged class action, or attempting to amend an existing action, against Defendant, to assert any claims that would be released pursuant to the Settlement.  The Court finds that no bond is necessary for issuance of this injunction.

25. If final approval of the Settlement Agreement is not obtained the Settlement shall be vacated *ab initio*. In that circumstance, the Settlement and any obligations Defendant may have under the Settlement (including, but not limited to, any obligation to pay attorneys' fees), and any order or judgment hereon (including, but not limited to, any preliminary or final certification of a Settlement Class) will be null and void and of no force and effect.

26. Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

27. If any deadline in this order falls on a non-business day, then the deadline is extended until the next business day.

28. Should there be a need to distribute funds in accordance with the Cy Pres doctrine, the Court will consider the parties' designations of beneficiaries pursuant to Section VI(D) of the Settlement Agreement and the applicable law.

IT IS SO ORDERED.

Dated: December 15, 2015

/s/ Paul Kelly, Jr.
UNITED STATES CIRCUIT JUDGE
(Sitting by Designation)

\\abq-tamarack\prodata\006352-047059\pleadings\2867273.doc