IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DULCINEA LARA, an behalf of herself
and all others similarly situated,

      Plaintiff,

v.   No. 2:14-CV-00401-PJK-CG

NEW MEXICO STATE UNIVERSITY, and
REGENTS OF NEW MEXICO STATE
UNIVERSITY,

      Defendants.

**FINAL ORDER AND JUDGMENT**
**GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
**AND ATTORNEYS' FEES AND COSTS**

The Parties to the Settlement Agreement, entered into by and through their respective counsel in the above-captioned action, have moved this Court for an Order granting final approval of the class settlement of this action upon the terms and conditions set forth in the parties' Settlement Agreement (Exhibit A (Doc. 74-1) to Doc 74) and in the Court's Order Granting Preliminary Approval (Doc. 73). Class Counsel has also applied for attorneys' fees and costs (Doc. 77). The Court, having granted preliminary approval of the settlement December 15, 2015 (Doc. 73), and having considered the Motion for Final Approval (Doc. 75), and Class Counsel's Application for Award of Attorney's Fees and Costs (Doc. 77), and having held a final fairness hearing on May 26, 2016, hereby finds and orders as follows:

1.    The Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. See Jones v. Nuclear Pharmacy, Inc., 741 F.2d 322, 324 (10th Cir. 1984) ("In assessing whether the settlement is fair, reasonable and adequate the trial court should consider: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious

questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.").

    2.    This matter meets the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, specifically:

    a. The Class Members are so numerous that joinder of all of them is impracticable;

    b. There are question of law and fact common to the Class Members which predominate over any individual questions;

    c. Plaintiff's claims are typical of Class Members' claims;

    d. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Class Members; and

    e. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

    3.    The following Settlement Class satisfies the requirements set forth in Fed. R. Civ. P. 23 and is hereby certified solely for settlement purposes:

> All regular nine (9) month faculty members who are or were employed by NMSU who had a FMLA qualifying parental leave event at any time from April 29, 2011 and the date of this Preliminary Approval Order and who had been employed by NMSU for at least one year at the time of the qualifying event and otherwise met the FMLA eligibility requirements.

See Grady v. de Ville Motor Hotel, Inc., 415 F.2d 449, 451 (10th Cir. 1969) ("It is well settled, as a matter of sound policy, that the law should favor the settlement of controversies, and should not discourage settlement by subjecting a person who has compromised a claim to the hazard of

having the settlement proved in a subsequent trial of another law suit by another person asserting a claim related to the controversy settled.").

4. Plaintiff is appointed as Settlement Class Representative.

5. Plaintiff's counsel, Moody & Warner P.C., are appointed as Class Counsel for the Settlement Class, pursuant to Fed. R. Civ. P. 23(g).

6. The Notice and Notice Procedures satisfied the requirements of the Federal Rules of Civil Procedure and the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or laws.  See DeJulius v. New England Health Care Employees Pension Fund, 429 F.3d 935, 944 (10th Cir. 2005) ("[O]ur precedent focuses upon whether the district court gave 'the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.'" (quoting In re Integra Realty Res., Inc., 262 F.3d 1089, 1110 (10th Cir. 2001))).

7. A sufficient number of claim forms were submitted to obviate the need for a *cy pres* distribution.

8. Within 30 days of the entry of this Order, the Claims Administrator will distribute the Settlement Funds to the 36 eligible Settlement Class members in accordance with the formula set forth in the Settlement Agreement.

9. Defendant shall pay costs of up to $25,000.00 to the Claims Administrator.

10. The amount of $250,000.00 for attorneys' fees and costs shall be distributed to Class Counsel by the Claims Administrator within 30 days of entry of this Order (Class Counsel's Application for Award of Attorneys' Fees and Costs and Memorandum in Support, (Doc. 77), filed May 12, 2016).  The fee breakdown is as follows:

| | |
|---|---:|
| Costs and tax on costs | $ 5,305.35 |
| Attorney and paralegal fees | 228,286.55 |
| NM gross receipts tax | 16,408.10 |
| Total | $250,000.00 |

At the regular rates employed by Class Counsel's firm, attorney (475.7 hours) and paralegal (81.5 hours) fees would have been $140,804.50 ( Doc. 77 at 9).  Plaintiffs have analyzed the factors contained in <u>Johnson v. Georgia Highway Express</u>, 488 F.2d 714, 717-19 (5th Cir. 1974) (Doc. 77).  Given the (1) lack of objection to the fees, (2) the proposed monetary amount of the settlement ($710,730), (3) the additional benefit NMSU will now provide in the form of paid family and medical leave (approximate value of $16 million), (4) the non-monetary relief obtained including training supervisory academic personnel, and (5) the additional time Class Counsel will spend monitoring compliance with the Settlement Agreement, the court determines that the fees are reasonable.

11.     The Court approves the Settlement and dismisses all claims asserted in this action on the merits, with prejudice.  All members of the Settlement Class who did not timely request exclusion in the manner set forth in the Class Notice and the Settlement Agreement are hereby bound by the Releases set forth in the Settlement Agreement and are conclusively deemed to have fully and finally released Defendant from any and all released claims.

12.     The legal claims of the two Settlement Class Members who timely opted out of the settlement are tolled from April 29, 2014, through the date of entry of this Final Order and Judgment granting final approval, pursuant to Section IV(C)(6) of the Settlement Agreement.

13.     No Settlement Class Member objected to the Settlement.  Therefore, all Settlement Class Members are deemed to have waived the right to object and are barred from raising objections to the Settlement Agreement or Final Judgment in this or any other proceeding, including in an appeal.

14. At the final fairness hearing, the court approved restricting public access to Doc. 76 concerning opt-outs. The court has not approved any other restrictions on public access to any other pleadings on the docket to date (Docs. 1-77).

15. The Joint Motion for Final Approval of Class Action Settlement (Doc. 75) and Class Counsel's Application for Award of Attorney's Fees and Costs (Doc. 77) are granted as set out above. This court retains jurisdiction of this action for three years from the effective date of the settlement agreement (Doc. 74-1 at 5) solely for the purpose of entering all orders and judgments that may be necessary to implement and enforce the relief provided.

IT IS SO ORDERED.

Dated:  June 1, 2016

/s/ Paul Kelly, Jr.
UNITED STATES CIRCUIT JUDGE
Sitting by Designation